UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

SEP – 4 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **4:24CR460 SEP/PLC** |
| | ) | |
| DORTATIUS L. HILL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

### Defendant and Associated Businesses

1.      Defendant **DORTATIUS L. HILL** ("**HILL**") was a resident of the Eastern District of Missouri.

2.      **HILL** claimed to have a personal business under the name "Dortatius Hill" established on January 1, 2020. The business was not registered with the Missouri Secretary of State.

3.      **HILL** was the owner of and signatory for the following financial accounts:

   a.      Stride Bank account number xxxxxx7682, in the name of **HILL**, and linked to Chime Visa Prepaid Card xxxxxxxx8240 ("Chime Visa") and

   b.      JPChase Morgan checking account number xxxxx7223 in the name of **HILL** ("Chase").

1

## The Paycheck Protection Program

4.      The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

5.      To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

6.      The types of businesses eligible for a PPP loan included individuals who were self-employed or operated as a sole proprietorship, and who did not have any employees.  The PPP loan application for a self-employed individual or sole proprietorship required such an individual to certify the individual's annual income or net profit, as typically reported to the Internal Revenue Service on Form 1040, Schedule C, for a given tax year and to provide documentation showing the individual's annual income or net profit.

7.      PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia or Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender

to a financial account under the control of the business.

8.      The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, mortgage interest payments, rent, and utilities for the business. The proceeds of a PPP loan were not permitted to be used by the borrower to purchase consumer goods or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

9.      To obtain forgiveness of a PPP loan, a borrower had to submit a PPP loan forgiveness application.  In the forgiveness application, a borrower had to certify that the loan proceeds had been spent on payroll costs and other permitted expenses.  Once approved for forgiveness, a borrower would owe nothing and would have no obligation to repay the PPP loan.

10.     Borrowers who received a PPP loan were, in certain circumstances, permitted to apply for a second PPP loan, referred to as a "Second Draw" PPP loan.  In the application for a Second Draw PPP loan, a borrower had to also certify that he or she had used the first PPP loan only for permitted expenses.  A borrower was also required to demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020.

11.     Harvest Small Business Finance, LLC ("Harvest") was a third-party participating lender located in California which participated in the PPP and was a financial institution within the meaning of Title 18, United States Code, Section 20, the deposits of which are insured by the Federal Deposit Insurance Corporation. After Harvest approved a PPP loan application, Harvest initiated an interstate electronic funds transfer of PPP loan proceeds from Harvest servers to Stride Bank servers located in Oklahoma.

### The Scheme

12.     Beginning no later than in or around April 2021, and continuing until through at least in or around May 2021, in the Eastern District of Missouri and elsewhere, the defendant,

**DORTATIUS L. HILL,**

with intent to defraud, devised and intended to devise a scheme and artifice to defraud a third-party participating lender in the PPP, and to obtain money and property from that lender by means of materially false and fraudulent pretenses, representations, and promises, by submitting fraudulent applications for PPP loans on behalf of his business.

**Manner and Means**

*Dortatius Hill PPP Loan*

13.    It was part of the scheme that, on or about April 2, 2021, and on April 9, 2021, **HILL** submitted and caused to be submitted two fraudulent PPP loan applications on behalf of Dortatius Hill to Harvest, with the intent to obtain loan proceeds from Harvest.

14.    It was further part of the scheme that **HILL** marked 2019 as the tax year used for gross income, listed a total number of employees as one, and reported $120,000.00 as the business' total amount of gross income.

15.    It was further part of the scheme that **HILL** submitted a 2020 Schedule C, Profit or Loss from Business, IRS form as supporting documentation for both loan applications.

16.    It was further part of the scheme that **HILL** falsely claimed that the funds would be used for payroll costs.

17.    It was further part of the scheme that as a result of **HILL'S** false and fraudulent representations in the PPP application he had submitted to Harvest, Harvest approved his PPP loan applications.

18.    It was further part of the scheme that **HILL** caused Harvest to disburse, on or about April 16, 2021, approximately $20,833 in PPP loan proceeds to his Stride account.

19.    It was further part of the scheme that **HILL** caused Harvest to disburse, on or about May 5, 2021, approximately $20,833 in PPP loan proceeds to his Stride account.

20.    It was further part of the scheme that **HILL** transferred PPP loan proceeds from his

4

Stride account to his Chase account.

21.     It was further part of the scheme that as a result of **HILL'S** false and fraudulent representations in the forgiveness applications that, on or about September 13, 2021, the SBA forgave the PPP loans for Dortatius Hill.

<u>**COUNTS I – II**</u><br>**Bank Fraud (18 U.S.C. § 1344)**

22.     Paragraphs 1 through 21 are realleged and incorporated by reference as if fully set forth herein.

23.     On or about the dates set forth below, in the Eastern District of Missouri, and elsewhere, the defendant,

**DORTATIUS L. HILL**,

executed and attempted to execute the scheme and artifice described above, to defraud a financial institution as defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in that **HILL** submitted and caused to be submitted fraudulent PPP loan applications to third-party participating lenders in the PPP, as described below for each count, each submission constituting a separate count:

| Count | Approx. Date | Summary |
|---|---|---|
| I | April 2, 2021 | **HILL** submitted and caused to be submitted a fraudulent PPP loan application for approximately $20,833 on behalf of Dortatius Hill to Harvest Small Business Finance, LLC. |
| II | April 9, 2021 | **HILL** submitted and caused to be submitted a fraudulent PPP loan application for approximately $20,833 on behalf of Dortatius Hill to Harvest Small Business Finance, LLC. |

All in violation of Title 18, United States Code, section 1344.

## COUNTS III – IV
### Wire Fraud (18 U.S.C. § 1343)

24.     Paragraphs 1 through 21 are realleged and incorporated by reference as if fully set forth herein.

25.     On or about the dates set forth below, in the Eastern District of Missouri, and elsewhere, the defendant,

### DORTATIUS L. HILL,

having devised and intended to devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Approx. Date | Summary | Loan Amount |
|-------|-------------|---------|-------------|
| III | April 16, 2021 | An interstate wire communication initiated from Harvest servers to Stride Bank servers, consisting of the electronic funds transfer of PPP loan proceeds for Dortatius Hill into **HILL'S** Stride account. | $20,833 |
| IV | May 5, 2021 | An interstate wire communication initiated from Harvest servers to Stride Bank servers, consisting of the electronic funds transfer of PPP loan proceeds for Dortatius Hill into **HILL'S** Stride account. | $20,833 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT V
### Material False Statement (18 U.S.C. § 1001(a)(2))

26.     Paragraphs 1 through 21 are realleged and incorporated by reference as if fully set forth herein.

27.     On or about April 2, 2021, within the Eastern District of Missouri, and elsewhere,

the defendant,

**DORTATIUS HILL,**

did knowingly and willfully make, and cause to be made, a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Small Business Administration ("SBA"), an agency within the executive branch of the Government of the United States, namely the statement on a "Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income" that he was the sole proprietor of a business located in Saint Louis, Missouri, that had gross income of $120,000.00 during the 2019 tax year.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JENNIFER J. ROY, #47203MO
Assistant United States Attorney